UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| DENNIS A. FORBES, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 7:21-cv-00077-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Dennis A. Forbes is an inmate at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Forbes filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] That petition is now before this Court on initial screening pursuant to 28 U.S.C. § 2243. For the reasons set forth below, the Court will deny Forbes's petition.

In 2000, Forbes was convicted of conspiracy to distribute and possess with the intent to distribute marijuana and 50 grams or more of cocaine base, as well as using a minor to commit a drug trafficking crime, in violation of 21 U.S.C. §§ 841, 846, and 861.[1] According to Forbes, the Government filed a notice pursuant to 21 U.S.C. § 851 indicating that he had prior convictions, and, in light of that information, the trial court eventually sentenced him to life in prison. Forbes's convictions and sentence were ultimately upheld on direct appeal, and his subsequent efforts to vacate his sentence were unsuccessful.

Forbes has now filed a § 2241 petition with this Court. As best as the Court can tell, Forbes is claiming that the trial court improperly enhanced his sentence based on a prior New

---

[1] This procedural history comes from Forbes's petition at [R. 1], as well as his underlying criminal case, *United States v. Dennis Forbes*, No. 6:99-cr-06089-CJS (W.D.N.Y. 1999).

York state cocaine-related conviction that it erroneously determined was a "felony drug offense" under 21 U.S.C. § 841. To support his petition, Forbes cites the United States Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), as well as a more recent decision by the United States Court of Appeals for the Second Circuit in *United States v. Thompson*, 961 F.3d 545 (2d Cir. 2020).

Forbes's petition, however, constitutes an impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his convictions or sentence through a direct appeal and a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Forbes cannot use a § 2241 petition as a way of challenging his sentence.

It is true that, in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit indicated that a prisoner may challenge his sentence in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, very narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply here. That is because Forbes has not identified a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that

2

his sentence was somehow improperly enhanced. Assuming, as Forbes suggests, that the trial court determined that he had previously been convicted of a "felony drug offense" and enhanced his sentence on that basis, Forbes's present reliance on *Descamps* and *Mathis* is unavailing. After all, those cases addressed the approach courts should use to determine whether a prior conviction constitutes a violent felony for purposes of the Armed Career Criminal Act. That matter is unrelated to Forbes's present claim. *See Meeks v. Kizziah*, No. 20-5420, 2020 WL 9396243, at *2 (6th Cir. Dec. 15, 2020) (making it clear that *Descamps* and *Mathis* are inapplicable to sentences enhanced based on prior felony drug offenses); *Romo v. Ormond*, No. 17-6137, 2018 WL 4710046, at *2 (6th Cir. Sept. 13, 2018) (the same). And to the extent that Forbes relies *Thompson*, 961 F.3d at 545, that case was decided by the Second Circuit, and, thus, it is not a retroactive change in statutory interpretation by the *Supreme Court*, as required. *See Hueso v. Barnhart*, 948 F.3d 324, 333 (6th Cir. 2020).

In sum, Forbes's petition constitutes an impermissible collateral attack on his sentence. Therefore, this Court may not entertain his § 2241 petition and will dismiss it for lack of subject-matter jurisdiction. *See Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021).

Accordingly, it is hereby **ORDERED** as follows:

1. Forbes's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction.
2. This action is **STRICKEN** from the Court's docket.
3. The Court will enter a corresponding Judgment.

This the 14th day of October, 2021.

Gregory F. Van Tatenhove
United States District Judge